**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ruben Casillas Brito,<br><br>    Petitioner,<br><br>v.<br><br>Edward Coday, et al.,<br><br>    Respondents. | No. CV-24-00179-TUC-JCH<br><br>**ORDER** |

    Before the Court is Petitioner Ruben Casillas Brito's Objection ("Objection") to Magistrate Judge Jacqueline Rateau's Report and Recommendation ("R&R"), filed May 16, 2025. Doc. 23. Included with his Objection, Petitioner filed several exhibits, including a motion for discovery and production of documents and interrogatories for Barbara LaWall, Teresa Miller, and John O'Brien. *See id.* at 10–49. On May 27, Petitioner filed 55 pages of "additional attachments" to the Objection that he alleges, due to technical difficulties, did not properly upload when he filed the Objection. Doc. 24. On May 30, Respondent filed a Response, requesting the Court overrule Petitioner's objections. Doc. 25. On June 3, Petitioner filed a 27-page Reply (Doc. 26) and, on June 10, an 8-page "Addition to Reply" (Doc. 27).

    As an initial matter, no reply briefing is permitted on an R&R objection without leave of the Court. *See* Doc. 18 at 17. Further, an objection to an R&R shall not exceed ten pages unless permitted by the Court. LRCiv 7.2(3). Accordingly, under LRCiv 7.2(m)(1), the Court will strike Petitioner's Reply (Doc. 26) and Addition to Reply (Doc. 27) as

oversized and impermissible. The Court did not consider these filings when reviewing the R&R and Petitioner's Objection. The Court did, however, consider the "additional attachments" to the Objection (Doc. 24).

Upon de novo review, and for the following reasons, the Court will overrule Petitioner's Objection, adopt the R&R in full, and dismiss the Petition as untimely.

## BACKGROUND[1]

On August 1, 2016, Petitioner pleaded guilty to one count each of molestation of a child, molestation of a child in the second degree, and sexual conduct with a minor in the second degree. Doc. 15 at 2. The trial court sentenced Petitioner to a 10-year prison term followed by a suspended 20-year probation term. *Id.* Petitioner filed petitions for post-conviction relief ("PCR") in the state court in 2016, 2017, and 2022. *Id.* at 2–6.

On March 29, 2024, Petitioner filed a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition"). Doc. 1. Petitioner alleges his imprisonment is unlawful on the following grounds: (1) the Arizona Court of Appeals "dismissed and denied" a petition for review "before it was received and reviewed," (2) Petitioner's Rule 33 motion for post-conviction relief in state court was summarily dismissed without an evidentiary hearing or "conducting the *Strickland* procedure standard of review," (3) fundamental and prejudicial errors by counsel denied Petitioner the right to a fair trial, and (4) counsel was so deficient that Petitioner was "duressed to plead guilty by undue influence." *Id.* at 6–9. Respondents filed an answer arguing the Petition should be dismissed as untimely and because the claims are non-cognizable, waived, and/or procedurally defaulted. Doc. 15. Petitioner filed a Reply, citing the COVID-19 pandemic to excuse his untimely Petition and renewing his ineffective assistance of counsel ("IAC") claim. Doc. 16.

///

///

---

[1] Petitioner does not object to the R&R's detailed summary of the relevant facts and procedural posture. *See generally* Doc. 23. Accordingly, the Court will adopt that portion of the R&R in full and provide only an abbreviated summary here.

- 2 -

On April 24, 2025, Magistrate Judge Jacqueline Rateau issued an R&R, recommending the Court dismiss the Petition (1) as untimely and (2) for failure to demonstrate that equitable tolling applies. Doc. 18 at 16.

**LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court "must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**ANALYSIS**

Petitioner does not dispute that the AEDPA applies to the petition and that the petition is untimely. *See generally* Doc. 23. Accordingly, the Court reviews those R&R portions for clear error. The Court notes a minor typo on page 8, line 21—the R&R gives July 5, 2016, as the date Petitioner's first PCR application was adjudicated, but the date should be July 5, 2017.[2] Otherwise, the Court finds no error and adopts those R&R portions in full, incorporating the identified correction.

Petitioner objects to the R&R on the following grounds: (1) the COVID-19 pandemic was a circumstance beyond his control, necessitating equitable tolling; (2) the R&R mischaracterized the dates Petitioner was under lockdown for COVID-19; (3) the R&R misstates the history for some of Petitioner's post-conviction activities; (4) the R&R failed to address Petitioner's claim of newly discovered evidence, ineffective assistance of counsel, and prosecutorial misconduct; and (5) the R&R failed to address errors committed by the Arizona Court of Appeals. *Id.* at 2–6. The Court reviews these objections de novo.

*COVID-19 effects on equitable tolling.* The AEDPA imposes a one-year limitation on state prisoners to file habeas corpus petitions in federal court. 28 U.S.C. § 2244(d)(1). The limitation period begins to run from "the date on which the judgment became final by

---

[2] The R&R uses the correct date of adjudication elsewhere.

the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). The limitation period does not run while "a properly filed application for State post-conviction or other collateral review" is pending. § 2244(d)(2).

Here, 102 days of the AEDPA one-year limitation period lapsed between the first PCR petition's dismissal (July 5, 2017) and the second PCR petition's filing (October 16, 2017). *See* Doc. 18 at 8–9. Tolling began from the second PCR petition's filing, until the Arizona Court of Appeals issued its mandate on February 26, 2021. *Id.* at 9. Thereafter, the AEDPA limitation period resumed and ran for 263 more days, until expiring on November 17, 2021. *Id.*

Petitioner initiated a third PCR application in state court on October 20, 2022, which was resolved January 18, 2024. *See id.* at 4–6. Petitioner then filed the instant Petition on March 29, 2024. *Id.* at 6. The third PCR proceedings did not toll the AEDPA limitations period. *Id.* at 9. But even if they had, the instant Petition would still be untimely by over 400 days. Petitioner does not dispute that his Petition is untimely. *See generally* Doc. 23 at 2–4. Petitioner objects to the R&R's finding that he is not entitled to equitable tolling. *See id.*

A petition could still be timely outside the one-year statute of limitations if equitable tolling applies, but the threshold to meet this standard is very high. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling will not apply unless the petitioner affirmatively demonstrates (1) he diligently pursued his rights and (2) extraordinary circumstances beyond his control caused the untimeliness and made it impossible to file a timely petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009). The R&R found Petitioner failed to show that he diligently pursued his rights or that timely filing was impossible. Doc. 18 at 11–16.

First, Petitioner argues he showed diligence despite pandemic-related restrictions on the prison. Doc. 23 at 3–4. Petitioner read law books and took a two-year correspondence course to be a legal assistant/paralegal. *Id.* at 4. While Petitioner's effort to obtain general legal knowledge is commendable, he does not show diligence *specific* to

preparing the Petition. "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal citations omitted). "To determine if a petitioner has been diligent in pursuing his petition, courts consider the petitioner's overall level of care and caution in light of his or her particular circumstances." *Doe v. Busby*, 661 F.3d 1001, 1013 (9th Cir. 2011). While reasonable diligence is a fact-specific inquiry, it "seemingly requires the petitioner to work on his petition with some regularity—as permitted by his circumstances—until he files it in the district court." *Smith v. Davis*, 953 F.3d 582, 602 (9th Cir. 2020) (en banc). Other courts found diligent pursuit when petitioners, for example, made repeated requests for materials from prison libraries, wrote letters to attorneys, contacted state courts to obtain the trial file, and worked on the petition as soon as significant obstacles were removed—all to timely pursue their habeas petition. *See, e.g.*, *Busby*, 661 F.3d at 1012–13; *Weaver v. Amsberry*, 535 F. Supp. 3d. 1016, 1021–23. Petitioner still had access to the mail during lockdown. *See id.* at 4. There is nothing in the Petition, Reply, or Objection explaining what Petitioner did during and after the lockdown to diligently work on his Petition. Further, Petitioner does not allege he exercised diligence during the 102 pandemic-free days in 2017, when the AEDPA limitation period first began to run. Petitioner failed to show how he acted with reasonable diligence "not only while an impediment to filing . . . existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 at 598–99.

Second, Petitioner argues the pandemic was "an extraordinary circumstance beyond [his] control" that made timely filing impossible. Doc. 23 at 2–3. The pandemic was undoubtedly a circumstance beyond Petitioner's control that made preparing legal filings more difficult. But Petitioner does not explain how the pandemic made timely filing impossible. Equitable tolling requires impossibility. *See Vanderark v. Greene*, No. 20-1417, 2021 WL 2228059, at *3 (C.D. Ill. June 2, 2021) (The pandemic alone was inadequate to trigger equitable tolling when the court received "numerous" habeas petitions "despite limitations caused by the COVID-19 pandemic.").

- 5 -

Petitioner failed to show reasonable diligence and extraordinary circumstances to necessitate equitable tolling.

*Mischaracterizing lockdown dates.* The R&R notes that defendant made filings in 2020 and 2022 despite the prison being on hard lockdown. Doc. 18 at 13. Petitioner clarifies that his filings were made on both sides of the hard lockdown, but not during. Doc. 23 at 4. Even taking Petitioner's clarification as true, the ultimate issue is whether Petitioner had the ability to file documents during the hard lockdown. Petitioner makes no claim that he was unable to file documents during the lockdown period.

*Misstating post-conviction activities.* Petitioner "objects to the misstatements of the history of some [of] the Petition as found in the 'R&R.'" Doc. 23 at 4–5. The objection here is difficult to follow but it does not seem to refute or rebut the R&R's finding that equitable tolling does not apply. The Court sees nothing erroneous about the R&R's finding that Petitioner knew about the Petition's third and fourth grounds before the pandemic.

*Failure to address state court errors on the merits.* Petitioner's remaining objections focus on the R&R's failure to address his claims on the merits. Petitioner also generally objects that a § 2244 petition should not be dismissed before conducting an evidentiary hearing or opening discovery. Doc. 23 at 1. The Court is not required to consider the merits of an untimely petition. Because the claims are untimely and Petitioner has not shown that equitable tolling applies, the Court need not consider Petitioner's claims on the merits, conduct an evidentiary hearing, open discovery, or otherwise examine alleged errors by the Arizona Court of Appeals.

**CONCLUSION**

Petitioner objects to the R&R's finding that equitable tolling does not apply and argues that the R&R should have addressed his claims on the merits. But Petitioner does not demonstrate that equitable tolling applies, thus the Court need not consider the merits of his arguments. Because the Court will overrule Petitioner's objections and dismiss the Petition as untimely, Petitioner's accompanying motions and requests for interrogatories (Doc. 23 at 25–49) will be denied as moot.

Accordingly,

**IT IS ORDERED overruling** Petitioner's Objection (Doc. 23), **denying as moot** Petitioner's discovery requests (Doc. 23 at 25–49), and **adopting in full** the R&R (Doc. 18) with the noted correction.

**IT IS FURTHER ORDERED dismissing** the Petition as untimely. The Clerk of Court shall enter judgment and close this matter.

Under Rule 11(a) of the Rules Governing § 2254 Cases, the Court declines to issue a certificate of appealability because reasonable jurists could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation omitted).

Dated this 21st day of August, 2025.

_____
John C. Hinderaker
United States District Judge